SHANNON, Judge.
This is an appeal by the Board of Public Instruction of Brevard County, Florida, and Woodrow J. Darden, as Secretary of said Board and as Superintendent of Public Instruction of Brevard County. The order appealed from reversed a resolution of the Board of Public Instruction of Brevard County which removed and discharged Wesley L. Morris, the appellee, as principal of Melbourne Elementary School.
Notice had been given by Woodrow J. Darden, as superintendent of public instruction, to Wesley L. Morris, as principal of Melbourne Elementary School, of a hearing before the school board on the superintendent’s petition to dismiss Wesley L. Morris. After taking testimony the board of public instruction issued its order dismissing the principal. On certiorari the lower court reversed the board of public instruction, stating in part:
“This Court is therefore forced to reach the conclusion, and does so find; That at the time the Brevard County Board of Education held the hearing on charges against the Petitioner, there were no charges before it filed by the Trustees of the Brevard County School District as the law requires, and there were no legal charges for it, the County Board, to consider; That, therefore, Respondent had no legal right to proceed to hearing or to act thereon; That, the action taken and order of dismissal entered against petitioner deprived him of valuable property rights without due process of law, was illegal and must be set aside.”
The question before us, succinctly stated, is whether or not the school board has the authority to dismiss from its employ a member of its instructional staff without the necessity of written charges being filed by the trustees. If the board has the authority, then under the facts in this case and under the questions posed for us, we must reverse the lower court; if it does not have the authority we must affirm.
Under § 230.43, Florida Statutes 1957, F.S.A., one of the specific powers of the trustees is:
“(3) Recommend dismissal of members of the instructional staff. — To file with the county board written charges against any member of the instructional staff whom they may recommend for dismissal for cause.”
However, power has also been vested by the legislature in the county superintendent by § 230.33(7) (h), Florida Statutes 1957, F.S.A., to:
“Suspend members of the instructional staff and other school employees during emergencies for a period of not to exceed ten school days, notify' the county board immediately of such suspension, and, when authorized to do so, serve notice on the suspended member of the instructional staff of the charges made against him and of the date of hearing; recommend employees for dismissal under the terms prescribed herein.” (Emphasis supplied.)
The actual dismissal power rests in the board of public instruction by the authority of § 230.23, Florida Statutes 1957, F.S.A., in that:
“The county board acting as a board shall exercise all powers and perform all duties listed below:
******
“(5) (h) Suspension and dismissal. ■ — Suspend or dismiss members of the *33 instructional staff and other school employees ; * *
The basis for the lower court’s order is that there were no charges before the board of public instruction filed by the trustees, and that therefore the board of public instruction had no legal right to proceed with the hearing or to enter its order dismissing a member of its instructional staff. The learned chancellor came to this decision after a comprehensive study of the school code as indicated in his final decree. His conclusion was that the last portion of § 230.33(7) (h), quoted above, was a phrase of limitation and restricted the dismissal recommendations of the superintendent to those emergency powers set forth in that same paragraph.
Such ah interpretation of this particular paragraph seems to us inherently duplica-tive, rendering the last portion a mere repetition of the first part. Furthermore, the net result of the chancellor’s reasoning is that the trustees are the sole body from which a recommendation of dismissal can originate. We cannot reconcile this result with § 230.43, Florida Statutes, F.S.A., noted above, where the legislature used the words “to file with the county board written charges against any member of the instructional staff whom they may recommend for dismissal for cause”. (Emphasis added.) Such permissive wording does not lend support to the creation of an exclusive power in the trustees.
In viewing the various statutes which go to make up the basic framework of the school code, there is a duty imposed on the county superintendent, who is by law charged with the ¡responsibility for the administration of the schools and for the supervision of instruction in the county, to bring charges against any member of the instructional staff when under the terms prescribed by the school code cause exists for him to do so. To hold that the trustees, exclusively, must recommend the dismissal of a member of the instructional staff would destroy, in large part, the value of the school code and would, in effect, destroy the cohesive wording of the code.
The order of the lower court granting the petition for certiorari is hereby reversed with directions to reinstate the order of the Board of Public Instruction of Brevard County, Florida.
It is so ordered.
ALLEN, C. J., and KANNER, J., concur.